IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRION MURRAY, | § § § | |
| Movant, | § § | |
| V. | § § | NO. 3:24-CV-0644-E |
| | § | (NO. 3:19-CR-647-E) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Darrion Murray under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

### I.    BACKGROUND

On December 18, 2019, Movant was named in a one-count indictment charging him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g). CR ECF No.[1] 1. Movant signed a plea agreement pursuant to which he agreed to plead guilty to the offense alleged in the indictment and the government agreed not to bring any additional charges against Movant based on the conduct underlying and related to the plea. CR ECF No. 26. The plea agreement also set forth that: Movant faced a term of imprisonment not to exceed ten years; Movant had reviewed the sentencing guidelines with counsel but understood that no one could predict the sentence that would be imposed; the plea was freely and voluntarily made and was not the result of any force, threats, or promises; Movant waived his right to appeal or otherwise

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CR-647-E.

challenge the conviction and sentence except in limited circumstances; and, Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with the legal representation provided him. *Id.* He also signed a factual resume that set forth the elements of the offense and the stipulated facts establishing that he had committed the offense. CR ECF No. 28. On October 11, 2022, Movant entered his plea of guilty. CR ECF No. 30. He testified under oath at rearraignment that: he had had enough time to talk to his attorneys about his case and was satisfied with the way he had been represented; he understood the essential elements of the charge against him and he had committed each of them; he read and discussed the factual resume with counsel before signing it and the stipulated facts in it were true and correct; he understood that he faced a term of imprisonment of up to ten years; he reviewed the plea agreement with counsel before signing it and understood the terms of his agreement; he voluntarily entered into the plea agreement; he understood that his sentence might be different from any estimate his attorney gave him; he had discussed with counsel the waiver of right to appeal or otherwise challenge his conviction and sentence and voluntarily waived that right; and, no one had threatened him or made any promises to him in exchange for his plea. CR ECF No. 49.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 20. CR ECF No. 36, ¶ 26. He received a two-level adjustment for a stolen firearm, *id.* ¶ 27, and a four-level adjustment for using or possessing a firearm in connection with another felony offense. *Id.* ¶ 28. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 34, 35. Based on a total offense level of 23 and a criminal history category of V, Movant's advisory guideline imprisonment range was 84 to 105 months. *Id.* ¶ 95. Movant filed objections, CR ECF No. 38, and supplemental objections, CR ECF

No. 39, and the probation officer prepared an addendum to the PSR. CR ECF No. 40. The Court gave notice of intent to vary or depart upward. CR ECF No. 41.

At sentencing, the government presented evidence in response to Movant's objections to the PSR to establish that the four-level enhancement for possessing a firearm in connection with another offense was proper. The Court also considered the criminal history calculation. The Court overruled the objections and sentenced Movant to a term of imprisonment of 105 months. CR ECF No. 48; CR ECF No. 43. Movant appealed, CR ECF No. 45, despite having waived the right to do so. CR ECF No. 26, ¶ 12. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Murray*, No. 23-10234, 2024 WL 21398 (5th Cir. Jan. 2, 2024).

## II.   GROUNDS OF THE MOTION

Movant raises nine grounds in support of his motion. In his first ground, he alleges that counsel coerced him into pleading guilty. ECF No.[2] 2 at 7.[3] In the remainder of his grounds, he alleges that counsel provided ineffective assistance. *Id.* at 7–10.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page reference is to "Page __ of 13" reflected at the top right portion of the document on the Court's electronic filing system and is used because Movant has added pages to the typewritten form.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v.*

*Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.     **ANALYSIS**

In support of his first ground, Movant alleges that his attorney "coerced [him] into pleading guilty, making [his] guilty plea invalid." ECF No. 2 at 7. As supporting facts, he states that his attorney told him that if he "wanted to get out of seg [where he had been for multiple months] and get this all over with then plead guilty." *Id.* The claim should have been raised on appeal and is not cognizable here, where Movant has not shown cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998). That appellate counsel refused to raise this ground, ECF No. 2 at 8, does not constitute cause. *See Murray v. Carrier*, 477 U.S. 478, 486 (1986).

Even if the claim could be raised here, it is wholly conclusory and unsupported by any evidence bearing independent indicia of reliability. *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Movant testified under oath at rearraignment that no one had threatened him or tried to force him to plead guilty or promised him anything (other than as expressed in the plea agreement) in exchange for his plea. CR ECF No. 49 at 16. Further, he testified that he had voluntarily entered into the plea agreement. *Id.* at 14. His sworn statements are entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, his plea agreement, which reflects that it was made knowingly

5

and voluntarily, is accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). The record thus refutes the contention that the plea was coerced by counsel. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

In his second ground, Movant asserts that he was denied effective assistance because his attorney "failed to ask for credit of back time that [he] sat waiting in jail and for [his] sentence to be concurrent to any pending charges." ECF No. 2 at 7. Again, the ground is conclusory, and, to the extent he is alleging that counsel promised him anything, wholly unsupported by evidence bearing independent indicia of reliability. *McDaniels*, 907 F.3d at 370. In any event, 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted. *Reno v. Koray*, 515 U.S. 50, 55 (1995). The United States Attorney General is responsible for sentence computation. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). The Attorney General acts through the Bureau of Prisons to administer the sentence. *Id.* at 335. The statute does not authorize the district court to award credit for time served and the court would be acting beyond its jurisdiction in undertaking to do so. *United States v. Juarez-Velasquez*, 763 F.3d 430, 436 (5th Cir. 2014) (citing cases). The district court does have discretion to determine whether sentences should run concurrently or consecutively. *Setser v. United States*, 566 U.S. 231, 236 (2012). Here, the Court ordered that the sentence be served consecutively to sentences that might be imposed in Movant's pending state cases for evading arrest or detention and capital murder by terrorist threat or other felony because those offenses were unrelated to the federal charge. CR ECF No. 48 at 47. Movant fails to show that counsel could have done anything to change this result.

The remainder of Movant's grounds are simply stated as denial of effective assistance of counsel. In support of his third ground, he alleges that counsel "failed to show or review the discovery" with him and "only read parts of it" to him after he pled guilty. ECF No. 2 at 7. Although he maintains that he would not have pled guilty if he had seen the discovery, he does not describe the discovery or how seeing it would have made any difference. His allegations are insufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282; *Guerrero v. United States*, No. SA-20-CV-1181-XR, 2021 WL 1146006, at *3 (W.D. Tex. Mar. 24, 2021). *See also United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007) (allegation that attorney failed to file motions, make objections, and follow defendant's instructions was vague and conclusory). Moreover, he has not shown that there is a reasonable probability that, but for counsel's alleged error, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court will not upset a plea solely on the basis of *post hoc* allegations about how Movant would have pleaded but for his attorney's deficiencies. *Lee v. United States*, 582 U.S. 357, 369 (2017).

In support of his fourth through ninth grounds, Movant alleges that counsel provided ineffective assistance in failing to object to: paragraph 9 of the PSR because five people, rather than the four identified, were present when the search warrant was served, ECF No. 2 at 8 (ground four); paragraph 19 of the PSR which led to Movant's receiving the four-level enhancement, *id.* at 9 (ground five); paragraph 47, in which the offense described should not have received a criminal history point, *id.* (ground six); paragraph 51, in which the offense described should not have received a criminal history point, *id.* (ground seven); paragraph 50, in which the offense described should not have received two criminal history points, *id.* at 10 (ground eight); and paragraph 28, also affecting the four-level enhancement. *Id.* (ground nine). To prevail on grounds of ineffective

assistance of counsel in the sentencing context, Movant must show that the proposed objections were meritorious and would have altered the outcome of the sentence. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). That is, he must demonstrate a reasonable probability that he would have received less jail time had counsel pursued his objections. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

As to his fourth ground, Movant fails to explain what difference it made that counsel did not object to paragraph 9 of the PSR. Movant does not contend that he told counsel that Devante Langley was also present or that he requested that an objection be made. ECF No. 2 at 8. The number of persons present had no impact on Movant's sentence in any event.

Paragraph 19 of the PSR states that, while incarcerated, Movant inquired whether detectives had taken money out of his room and was told that the money recovered would be seized as part of the investigation. CR ECF No. 36, ¶ 19. Movant contends in his fifth ground that the representation that the money would be seized was false because "there was letter mailed out to pick up the currency."[4] ECF No. 2 at 9. He makes the convoluted argument that because "Detective Steven Young testified under oath and failed to mention this evidence," Movant received the four-level enhancement. *Id.* The fact is that the currency was found in Movant's bedroom, CR ECF No. 36, ¶ 14, and other evidence supported the enhancement, including distributable quantities of narcotics, plastic baggies, and a portable weight scale. *Id.* ¶ 18. He has not shown that he was harmed by any failure to make this objection.[5]

---

[4] It appears that Movant is confused about how forfeiture works.
[5] Counsel did object to the four-level enhancement, CR ECF No. 38, and the issue was argued at sentencing. CR ECF No. 48.

Movant complains in grounds six, seven, and eight that counsel failed to object to the PSR's assignment of criminal history points for three different convictions. ECF No. 2 at 9–10. The government has adequately explained why assignment of points was proper in each case. ECF No. 5 at 17–18. Movant has not shown that any objection would have been meritorious, much less that his sentence would have been less than what was imposed. The Court considered objections to the criminal history points at sentencing and overruled them. CR ECF No. 48 at 32–34. The Court had planned to vary upward, CR ECF No. 41, but, because of the good work of counsel, imposed a within-guideline sentence. CR ECF No. 48 at 45. The Court was concerned about the force and violence in Movant's background and imposed the sentence for the safety of the community. *Id.* at 42–45.

Movant is mistaken in asserting in ground eight that counsel failed to object to paragraph 50 of the PSR. The objection was made in the first supplement to the objections. CR ECF No. 39. He is further mistaken in asserting in ground nine that counsel failed to object to paragraph 28 of the PSR. CEF No. 2 at 10. Counsel specifically objected that the northern bedroom belonged to Movant's brother. CR ECF No. 38. These grounds have no merit.

## V.    CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **10th day** of **July, 2024**.

Ada E. Brown
UNITED STATES DISTRICT JUDGE